**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-01040-002-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Kemford J. Alexander, | |
| Defendant. | |

On January 13, 2017 this Court denied Mr. Alexander's Motion to Reduce his sentence pursuant to the First Step Act based on a sentencing guideline range that had been lowered and made retroactive by the United States Sentencing Commission. (Doc. 570). At Mr. Kemford's original sentencing the Court varied downward from the sentencing guideline. That variance resulted in a sentence that was even lower than the guideline that became retroactively effective pursuant from which Mr.Kemford was seeking relief. Mr. Kemford's motion was thus denied. (Doc. 570).

This is Mr. Kemford's subsequent First Step Act request. (Doc. 585). Mr. Kemford bases his new request on five assertions:  First, that his sentence was excessive for a nonviolent crime and first time offender; second, that the 23-month lockdown due to COVID constitutes hard time; third, that he is not eligible for time reduction programs because he is not a U.S. Citizen; fourth, he would receive a lesser sentence today than he received prior to the passage of the First Step Act; and, fifth, he was excessively punished for exercising his constitutional rights.

A district court may only reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "after considering the factors set forth in [18 U.S.C. § 3553(a)]" and if the court finds that "(i) extraordinary and compelling reasons warrant such a reduction" and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Defendant bears the burden of proving he meets all elements of eligibility for a statutory reduction. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (holding the defendant, as the § 3582(c)(2) movant, bears the burden of establishing entitlement to sentencing reduction.) He fails to do so here. His continued rejection of the appropriateness of his sentence as set forth in his reason numbers one and five simply does not constitute a compelling reason to reduce his sentence. Nor, is the reason that he cannot receive time reduction programs, (reason number three), or his belief that he would have received a lesser sentence had the First Step Act been effective (reason number four). Further, his final reason, that COVID management required lockdowns that is equivalent to hard time, is hardly a reason that is extraordinary or compelling when it was experienced by virtually the entire prison population during the pandemic.

**THEREFORE, IT IS ORDERED:**

**DENYING** Mr. Alexander's First Step Act request for reduction of sentence (Doc. 585).

**FINDING AS MOOT** Defendant Alexander's Motion for Status Report (Doc. 596).

Dated this 12th day of January, 2023.

_____
G. Murray Snow
Chief United States District Judge